IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:25-cr-00069-SHL |
| v. | ) | |
| NICKLAS RAY STANLEY, | ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) | |

## INTRODUCTION

Stanley is 28-year-old sexual predator who hid behind the perceived anonymity of the internet to shamelessly exploit countless children for his own gratification over nearly three and a half years. He sought out children on Snapchat from at least March 2021 through May 2023. He lied to them about his age and identity—posing as an adolescent boy. He then manipulated the girls to create and send him sexually explicit depictions of themselves, encouraging many to engage in bestiality with their dogs or sexually abuse their younger brothers. And he engaged in the same widespread conduct on Instagram in 2024.

Stanley's actions were not isolated. They were not limited in time, duration or victim. His vile actions impacted numerous young girls across the United States and overseas. His primary targets were middle school and early high school girls that he could easily manipulate into creating his preferred sexual images and videos.

The Court should sentence Stanley to 420 months in prison.

1

## GUIDELINES CALCULATION, RESTITUTION, AND OTHER MATTERS

Both parties agree with the guidelines calculation set out in the PSR: total offense level 43 with a criminal history category I. Because Stanley pled guilty to three counts, his guideline becomes the statutory maximum for the counts combined: 960 months in prison. A mandatory minimum of 180 months and statutory maximum of 960 months applies.

There are no guidelines matters that the Court must resolve because none of the guidelines-related objections impact the offense level.[1] Defendant objects to select paragraphs (paragraphs 38-41, 43, 45-47, 50-51) that estimate the age or minor status of certain girls who have not been positively identified by law enforcement. (Deft. Obj. 3 at R. Doc. 50.) The government stands by its good-faith and reasonable estimates of the ages of the girls exploited. But the government will not provide the Court the sexually explicit material in question for inspection to resolve this factual issue. These select paragraphs can reference "teen" or "teenager" as requested by the defense. The government does not believe this limited change is material to the Section 3553(a) analysis.

The Court should order forfeiture consistent with the preliminary order of forfeiture. (R. Doc. 60.)

The government has provided the defense with materials in support of the restitution request in paragraph 70. The Court should order restitution for the

---

[1] The government withdraws its argument that a two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A) applies as to Group 1(a) or Group 1(b). The probation office correctly declined to apply the enhancement. The Court need not resolve the government's objection regarding the creation of additional "pseudo counts" for minor victims.

victim in the Jenny series. None of the other identified victims in this case have requested restitution.

Stanley has over $50,000 in bank accounts. (PSR ¶ 212.) The Court granted a motion to stay disposition of the funds pending sentencing. (R. Doc. 47.) Only a small portion of those funds will be necessary to satisfy the single restitution request. Accordingly, Stanley can also pay a special assessment under Section 2259A.[2] If the Court does not order a Section 2259A special assessment, it should consider directing some portion of the $50,000 to make partial repayment of attorney fees.[3] However, the government recommends the Court prioritize the Section 2259A special assessment.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 420 MONTHS**

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

---

[2] Despite Stanley appearing to not be indigent, the government is asking the Court to not order the $5,000 special assessment under 18 U.S.C. § 3014. The appropriations bill that ended the lapse in funding last month revived the Section 3014 additional special assessment, but the bill specified that the revived Section 3014 shall not apply retroactively. In short, the additional special assessment does not apply to any conduct that occurred before November 12, 2025—the date the appropriations bill was signed into law reviving Section 3014.

[3] Stanley received court-appointed counsel. Shortly after appointment, the government requested that Stanley be required to pay for part of that cost. (R. Doc. 24.) The Court denied the motion "at this time" noting it may require Stanley to make repayment later if the Court finds he has the ability. (R. Doc. 36.) He can now. He has no expenses and no dependents.

3

effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The government will ask the district court to sentence the Defendant based upon an advisory range of 960 months. The government recommends 420 months (35 years).

Stanley's conduct was shocking, long-standing, and pervasive. For at least three years (March 2021 through June 2024), Stanley sexually exploited and attempted to sexually exploit dozens of minor females on Snapchat and Instagram. (PSR ¶ 12.) His victims lived across the United States and in numerous other countries. Stanley lied about his age and identity, carefully groomed, and used his victims to create child pornography of themselves and send it to him. But Stanley did not just exploit the minor females. He often attempted to convince his girl victims to sexually abuse their younger brothers and send him sexually explicit photos of the brothers. Moreover, Stanley repeatedly tried to convince minor victims to engage in sex acts with their own dogs and send him videos of it. Some minors did as Stanley directed. Stanley's predatory conduct toward children was as extensive as it was shocking.

A sampling of Stanley's conduct:

- In March 2021, Stanley exploited a 12-year-old girl from Pennsylvania. Stanley tried to get the girl to create and send him sexually explicit images. (PSR ¶¶ 142-144.) That same month, Stanley convinced a 15-year-old girl from Washington state to create and send him sexually

4

explicit videos. (PSR ¶¶ 32-34.) In July 2021, Stanley successfully obtained explicit images from a 13-year-old girl from Illinois. (PSR ¶¶ 23-31.)

- In March 2022, Stanley exploited a 13-year-old girl from Arkansas and her 6-year-old younger brother. Stanley tried to get the girl to engage in bestiality and sexually abuse her younger brother and send him imagery of it. Stanley threatened to leak the girl's images if she didn't take a photo of her 6-year-old brother's penis and send it to Stanley. (PSR ¶¶ 20-22.)

- In March 2022, Stanley exploited a girl from Argentina and her 7-year-old younger brother. Stanley tried to get the girl to sexually abuse her younger brother and send him imagery. Stanley threatened to leak the girl's images if she didn't take a photo of her touching her 7-year-old brother's penis and send it to Stanley. (PSR ¶¶ 118-120.)

- In March 2022, Stanley exploited an approximately 14-year-old girl from the England and attempted to exploit her 9-year-old autistic brother. Stanley tried to get the girl to take photos of her younger brother's penis and send them to Stanley. Stanley also directed the girl to create sexual imagery of herself and send it to Stanley. The girl created images of herself in the manner directed and sent them to Stanley. (PSR ¶¶ 121-126.)

- In March 2022, Stanley attempted to exploit a 13-year-old girl on Snapchat. Stanley told her he was aroused when girls "do stuff with younger boys" and then inquired whether she had any brothers, boy dogs, or ever touched young boys' genitals. (PSR ¶¶ 134-136.)

- In April 2022, Stanley exploited a 13-year-old girl from Canada. Stanley directed her to take specific videos of herself engaging in a sex act and lasciviously exhibiting her genitals. (PSR ¶¶ 127-129.)

- In April 2022, Stanley exploited a minor girl on Snapchat. Stanley directed her to take sexually explicit images of herself and encouraged her to engage in sex acts with a dog. (PSR ¶¶ 132-133.)

- In April 2022, Stanley attempted to exploit several additional girls on Snapchat. He encouraged one girl to sexually abuse a 9-month-old baby boy. (PSR ¶ 137-140.)

5

- In January 2023, Stanley exploited a 13-year-old girl from Florida. Stanley directed her to take specific images of herself engaging in sex acts and lasciviously exhibiting her genitals. (PSR ¶¶ 130-131.)

- In May 2024, Stanley exploited a 14-year-old girl from Michigan over several days. Stanley repeatedly tried to get the girl to engage in bestiality and send him imagery of it. Stanley convinced the girl to create CSAM of herself, including her masturbating. She sent him the imagery as he requested. Stanley tried to convince the girl to expose herself to her younger brother and send him photographic proof. After the girl expressed thoughts of suicide, Stanley asked her for more explicit images and continued to groom her to engage in bestiality. (PSR ¶¶ 54-68.)

- In May/June 2024, Stanley exploited a 15-year-old girl from Indiana over several days. Stanley convinced the girl to create CSAM of herself, including her masturbating. She sent him the imagery as he requested. Stanley tried to convince her to engage in bestiality with her dog. (PSR ¶¶ 147-152.)

- In May 2024, Stanley successfully convinced a 14-year-old girl from South Dakota to engage in bestiality with her dog. (PSR ¶¶ 153-157.)

- In May 2024, Stanley attempted to get 15-year-old Instagram user from Georgia to engage in bestiality with her dogs. (PSR ¶¶ 159-161.)

- In May/June 2024, Stanley attempted to get 16-year-old Instagram user from Kansas to engage in bestiality with her dogs and sent him a video of it. (PSR ¶¶ 162-163.)

- In May 2024, Stanley attempted to get a 14-year-old girl and a 16-year-old to engage in bestiality with their dogs. (PSR ¶¶ 164-165.)

- In May-June 2024, Stanley sexually exploited 12- and 13-year-old girls. (PSR ¶¶ 166-167.)

Stanley is an ongoing danger to children. That is clear just based on his conduct. But his psychosexual expert offers conclusions that indicate the same:

- He struggles with online compulsive sexual behavior. (p. 7.)

6

- He "demonstrates sexual interest in prepubescent female children, pubescent female children, post pubescent female adolescents, and post-pubescent female adults." (p. 8.)

- One of his screenings "indicates a high likelihood of pedophilic disorder." (p. 8.) He "meets the criteria for pedophilic disorder." (p. 12.)

- "Mr. Stanley is currently considered a moderate risk for sexual recidivism." (p. 17.)

## CONCLUSION

Stanley's conduct was extraordinary and indicates he is a danger to children. A sentence of 35 years is necessary to reflect the seriousness of the offenses, provide just punishment, afford adequate deterrence, avoid unwarranted sentencing disparities, and protect the public from his further crimes.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/Adam J. Kerndt*
Adam J. Kerndt
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Email: Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

_X_ ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY
By: */s/Adam J. Kerndt, AUSA*

7